**Hand-Delivered**

FILED
CHARLOTTE, NC

# UNITED STATES DISTRICT COURT

for the

Western District of North Carolina

JUN 2 2 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

Charlotte Division

TARA TUCKER

)
)
)
)

Case No. 3:26-cv-495-MEO

*(to be filled in by the Clerk's Office)*

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

NOVANT HEALTH, INC.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Jury Trial: *(check one)* ☑ Yes ☐ No

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.     **The Parties to This Complaint**

A.     **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Ms. Tara Tucker |
| Street Address | 2011 Twilight Lane |
| City and County | Monroe - Union County |
| State and Zip Code | North Carolina, 28110 |
| Telephone Number | (704) 443-1424 |
| E-mail Address | tara4president@gmail.com |

B.     **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name                          Novant Health, Inc.

    Job or Title *(if known)*    c/o Registered Agent

    Street Address           2626 Glenwood Avenue, Suite 550

    City and County         Raleigh - Wake County

    State and Zip Code     North Carolina, 27608

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

**C.** **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Novant Health, Inc. |
| Street Address | 1969 Wellness Boulevard |
| City and County | Monroe - Union County |
| State and Zip Code | North Carolina, 28110 |
| Telephone Number | |

**II.** **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

_____

☐ Relevant state law *(specify, if known)*:

_____

☐ Relevant city or county law *(specify, if known)*:

_____

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☐ Other acts *(specify)*: _____

     *(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

March 2024 through May 2025

C. I believe that defendant(s) *(check one)*:

- ☑ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)*

     Physical disability resulting from past automobile accide

E. The facts of my case are as follows. Attach additional pages if needed.

See attached.

_(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)_

## IV.   Exhaustion of Federal Administrative Remedies

A.     It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on _(date)_

B.     The Equal Employment Opportunity Commission _(check one)_:

☐     has not issued a Notice of Right to Sue letter.

☑     issued a Notice of Right to Sue letter, which I received on _(date)_   03/23/2026                .

_(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)_

C.     Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct _(check one)_:

☐     60 days or more have elapsed.

☐     less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Back pay and lost wages, compensatory damages for emotional distress, punitive damages, and any other relief the Court deems proper.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     6.22.26

Signature of Plaintiff     _Tara Tucker_

Printed Name of Plaintiff     TARA TUCKER

### B.   For Attorneys

Date of signing:     _____

Signature of Attorney     _____

Printed Name of Attorney     _____

Bar Number     _____

Name of Law Firm     _____

Street Address     _____

State and Zip Code     _____

Telephone Number     _____

E-mail Address     _____

Print     Save As...     Add Attachment     Reset

# Complaint for Employment Discrimination
## Attachment III(E): Statement of Facts

1. I was hired by Novant Health, Inc. ("Novant") on November 6, 2017.

2. My last position was Communications Center Technician in the Protective Services/Security Operations Center in Monroe, Union County, North Carolina.

3. In October 2020, I was involved in a severe automobile accident that left me with multiple broken bones and serious physical injuries. I underwent surgery in March 2021 and returned to work at Novant thereafter.

4. Following my return to work, I formally requested disability accommodations under the Americans with Disabilities Act ("ADA"). By April 2022, Novant had approved my accommodations.

5. My accommodations included an 8-hour shift limit and the right to take 15-minute movement breaks every two hours.

6. For nearly two years, I was able to perform my job while using these accommodations.

7. In September 2022, Ms. Ravyn King became a supervisor in my unit.

8. Beginning with her supervision, Ms. King repeatedly interfered with and refused to honor my approved ADA accommodations.

9. On March 28, 2024, I requested my approved accommodation break as usual. Ms. King refused, citing unrelated reasons and improperly treating my restroom visits as substitutes for my accommodation break. As a result, I was forced to wait until 1:00 P.M. to take a break despite having been at work since 9:00 A.M.

10. In late March or early April 2024, I filed a formal complaint through Novant's internal Alert Line regarding Ms. King's conduct.

11. On May 18, 2024, Ms. King again denied my request to use my approved accommodation break via Microsoft Teams message, stating she wanted to align it with my lunch hour. I informed Ms. King that I intended to contact Director Mr. Kip Clark about the denial. Ms. King said I could, but then directed me to clock out and leave for the day, accusing me of insubordination. I called Mr. Clark and reported that my accommodations were not being honored.

12. After my call to Mr. Clark, Ms. King held a meeting with me during which she falsely stated that my accommodations were only for five minutes at a time and that restroom breaks could substitute for my accommodation breaks. I told her that was not correct. Ms.

King persisted and forced me to wait an additional hour before allowing me to take my break. I worked the rest of the day and clocked out with my coworkers.

13. On May 21, 2024, I supplemented my earlier Alert Line complaint to include the May 18, 2024 incident and also contacted Novant's Employee Relations department to request a formal investigation into Ms. King's repeated violations of my approved accommodations and the retaliation I was experiencing.

14. In response to my complaints, Novant placed me on unpaid administrative leave effective May 21, 2024.

15. Novant conducted an investigation that failed to interview any of my coworkers who were present on May 18, 2024, and that failed to take into account the full scope of my approved accommodations.

16. On May 30, 2024, Mr. Clark terminated my employment. The stated reason for my termination was insubordination related to the events of May 18, 2024, which was the same day I was attempting to exercise my approved ADA accommodation break and reported the denial to management.

17. I had been employed by Novant for approximately seven years at the time of my termination.

18. I filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), assigned Charge No. 430-2024-02307. The EEOC issued a Notice of Right to Sue on March 23, 2026.

19. After my EEOC Charge was filed, I began experiencing a significant and sustained decline in my job search. Employers who had previously expressed interest in hiring me stopped following up after interviews, a pattern that was notably different from my experience before Novant became aware of my EEOC Charge.

20. On May 29, 2025, a friend acting as a prospective employer placed a recorded call to Novant Health to conduct a reference check on my behalf. The call was answered by Ms. King, who stated that I was, "ineligible for rehire."

21. Disability Discrimination: I am an individual with a disability as defined by the ADA. Novant was aware of my disability and had approved reasonable accommodations for my condition. Despite this, Ms. King repeatedly denied me the benefit of those accommodations. Novant then terminated my employment for alleged insubordination arising from an incident in which I was exercising my approved accommodation and reporting the denial to management. Novant's stated reason for my termination is pretextual. This conduct constitutes discrimination on the basis of disability in violation of the ADA.

22. Disability Retaliation: I engaged in protected activity on multiple occasions: I filed complaints through Novant's Alert Line, requested a formal investigation by Novant's Employee Relations department, and filed a Charge of Discrimination with the EEOC. Within days of my internal complaints, Novant suspended me without pay and shortly thereafter terminated my employment. After I filed my EEOC Charge, Novant continued to retaliate against me by providing a negative employment reference through my former supervisor, Ms. King, identifying me as "ineligible for rehire." This conduct constitutes retaliation in violation of the ADA.

Respectfully submitted,

*Tara Tucker*

Tara Tucker, Pro Se Plaintiff
2011 Twilight Lane
Monroe, NC 28110
tara4president@gmail.com